UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES LOREN HARLESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-841-G |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff James Loren Harless brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 10, hereinafter "R. \_"),[1] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands for further proceedings.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed his DIB application on February 6, 2015, alleging disability beginning February 1, 2014. R. 12, 191-94. The SSA denied his application initially and on reconsideration. R. 80-109, 114-18. An administrative law judge ("ALJ")

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

held a hearing on May 3, 2017, after which the ALJ issued an unfavorable decision on July 27, 2017. R. 12-24, 30-61.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2014, the alleged disability-onset date, and that his date last insured was March 31, 2015. R. 14-15. At step two, the ALJ determined that Plaintiff had the severe impairments of: blindness in the right eye; alcoholic withdrawal seizures; and degenerative disc disease in the lumbar spine, status-post fusion at L3-L4 and L4-L5, with osteomyelitis and methicillin-resistant staphylococcus aureus abscess. R. 15. The ALJ also found that Plaintiff's mental impairments of anxiety, depression, and substance-use disorder were nonsevere in nature. R. 15-16. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16-17.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all his medically determinable impairments. R. 17-22. The ALJ found:

> [T]hrough the date last insured, [Plaintiff] had the [RFC] to perform medium work as defined in 20 CFR 404.1567(c) including lifting, carrying, pushing, and pulling 50 pounds occasionally and 25 pounds frequently, standing and/or walking for six hours in an eight hour day, and sitting for six hours in an eight hour day with normal breaks; except that [Plaintiff] is blind in the right eye and, therefore, near acuity, far acuity, depth perception, accommodation, color vision, and field of vision are limited on the right side; and he should avoid hazards including unprotected heights, and moving machinery.

R. 17.

At step four, the ALJ considered the hearing testimony of a vocational expert ("VE") and found that Plaintiff was unable able to perform any past relevant work. R. 22-23.

At step five, the ALJ assessed whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. Taking into consideration the VE's testimony regarding the degree of erosion to the unskilled medium occupational base caused by Plaintiff's additional limitations, the ALJ found that Plaintiff could perform the medium unskilled occupations of hand packager and laundry worker, which both offer jobs that exist in significant numbers in the national economy. R. 23-24. The ALJ additionally found that Plaintiff could perform three light unskilled jobs that exist in significant numbers in the national economy: laundry sorter, garment folder, and filler. R. 24. The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from February 1, 2014, through March 31, 2015. R. 24.

Plaintiff's request for review by the SSA Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-6; *see* 20 C.F.R. § 404.981.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might

3

accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ANALYSIS

In this action, Plaintiff argues that the ALJ committed reversible error in connection with the RFC and step-five determinations. *See* Pl.'s Br. (Doc. No. 14) at 7-13. Because remand is warranted based upon deficiencies in the ALJ's step-five finding, the Court does not reach Plaintiff's additional propositions of error, which "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

I.   *Background*

It is undisputed that Plaintiff was completely blind in his right eye prior to and during the relevant disability period. *See, e.g.*, R. 43-46, 334-37 (noting "a white opacity" on Plaintiff's right cornea). At the administrative hearing, the ALJ posed two hypotheticals

to the VE. R. 58-60. First, the ALJ asked the VE to identify whether jobs would be available for someone who could perform medium work but, as relevant here, "would be limited to right eye for near, far, depth, accommodations, color vision and field of vision. So naturally blind in the right eye." R. 58. The VE responded that this person could work the medium-exertion jobs of Hand Packager, *Dictionary of Occupational Titles* ("DOT") (4th rev. ed. 1991) 920.587-018, 1991 WL 687916 (Packager, Hand), and Laundry Worker, *id.* 361.685-018, 1991 WL 672987 (Laundry Worker II), and also could perform the light-exertion job of Laundry Sorter, *id.* 361.687-014, 1991 WL 672991 (Classifier). R. 59.

In the second hypothetical, the ALJ inquired as to jobs for someone who could perform light work "requiring no more than occasional near and far visual acuity, accommodations, field of vision of the right eye." R. 60. The VE answered that the occupation of Laundry Sorter could still be performed, as well as the positions of Garment Folder, DOT 789.687-066, 1991 WL 681266 (Garment Folder), and Filler, *id.* 780.684-066, 1991 WL 680790 (Filler). R. 60.

In the written decision, the ALJ's RFC corresponded with the first hypothetical, as she found that Plaintiff was "blind in the right eye and, therefore, near acuity, far acuity, depth perception, accommodation, color vision, and field of vision are limited on the right side." R. 17. As noted above, the ALJ found at step five that Plaintiff was able to perform all five of the jobs identified by the VE at the hearing. R. 24.

II. *Discussion*

Plaintiff argues that the Commissioner failed to sustain his burden at step five and that the ALJ's step-five finding is not supported by substantial evidence due to the ALJ's

5

improper consideration of Plaintiff's severe vision impairment. *See* Pl.'s Br. at 7-10; *see also* Pl.'s Reply Br. (Doc. No. 21) at 1-3; *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("On step five, . . . the burden shifts to the Secretary to show that the claimant retains the [RFC] to do other work that exists in the national economy."). The Court agrees.

As a threshold matter, the ALJ's use of the term "limited" in the first VE hypothetical and in the RFC determination to describe Plaintiff's right-side vision is vague on a point where clarity was required. The DOT characterizes near acuity, far acuity, and the like as: "[n]ot [p]resent"; existing "[o]ccasionally" (up to 1/3 of the time); existing "[f]requently" (from 1/3 to 2/3 of the time); or existing "[c]onstantly" (2/3 or more of the time). *See, e.g.*, DOT 920.587-018, 1991 WL 687916 (Packager, Hand). Because it is not clear how "limited" aspects of vision sync with the cited DOT descriptions, the decision lacks the explanation required for "meaningful [judicial] review." *Fleetwood v. Barnhart*, 211 F. App'x 736, 739 (10th Cir. 2007).

The deficiency cannot be avoided by assuming that the ALJ means that Plaintiff's vision is totally absent on the right side. The ALJ's finding that Plaintiff could perform the occupations of Garment Folder and Filler is inconsistent with a finding of total right-eye blindness. The VE's approval of these occupations was based upon the ALJ's second hypothetical (allowing for "occasional" near and far acuity, accommodations, and field of vision in the right eye), but that hypothetical was not ultimately incorporated into the RFC. *Compare* R. 17, *with* R. 60. In addition, these occupations both require frequent, not occasional, near acuity. *See* DOT 789.687-066, 1991 WL 681266 (Garment Folder); *id.*

6

780.684-066, 1991 WL 680790 (Filler). A VE's testimony does not provide substantial evidence when it fails to address all the limitations included in the RFC. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (holding that the VE hypothetical was sufficient because "it contained all of the limitations found to exist by the ALJ"). And the Court sees no other evidence in the record to reconcile Plaintiff's right-eye blindness with a finding that he could perform either of these two occupations.

As to the remaining three occupations, they have vision requirements that appear inconsistent with the RFC finding and operative VE hypothetical: occasional near acuity, depth perception, and color vision (Hand Packager); occasional near acuity (Laundry Worker); and frequent near acuity and color vision (Laundry Sorter). A finding that Plaintiff has "limited" right-side near acuity, depth perception, and color vision does not allow meaningful review of whether Plaintiff can meet the specified vision requirements for these occupations. And assuming that the ALJ meant to say that Plaintiff's vision is totally absent on the right side only suggests a conflict between the VE's testimony and the DOT. "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a . . . decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000); *see also Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999). The ALJ did not elicit any testimony as to discrepancies between the VE's finding and the DOT.

Defendant argues that the VE's testimony constitutes substantial evidence for the step-five finding because Plaintiff lacks significant vision limitations in his *left* eye. *See*

Def.'s Br. (Doc. No. 18) at 11-12, 12 n.4. It is true that the DOT does not explicitly prescribe that the vision requirements for the cited occupations apply to vision performed with the use of both eyes.[2] This Court has previously declined to find the existence of a conflict "when the VE's testimony addressed a specific limitation that the DOT did not." *Harper v. Berryhill*, No. CIV-16-1173-SLP, 2017 WL 6378020, at *3 (W.D. Okla. Nov. 28, 2017) (R. & R.), *adopted*, 2017 WL 6375982 (W.D. Okla. Dec. 13, 2017). Here, however, the VE's testimony did not "clarif[y] how [the DOT's] broad categorizations apply to this specific case." *Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007). Rather, the VE relied upon the DOT's job descriptions but offered no explanation as to how the significant modification of eliminating Plaintiff's ability to see on one side impacted her testimony or would affect Plaintiff's ability to fulfill the visual abilities required for the cited occupations. *See* R. 58-60; *cf. Cloud v. Astrue*, No. CIV-10-303-RAW, 2011 WL 4478651, at *3 (E.D. Okla. Aug. 29, 2011) (R. & R.) (noting that occupations requiring "frequent use of depth perception" would be eliminated for a claimant who was legally blind in one eye), *adopted*, 2011 WL 4478975 (E.D. Okla. Sept. 26, 2011); *James v. Colvin*, No. CIV-12-851-W, 2013 WL 4077865, at *3-4 (W.D. Okla. Aug. 12, 2013) (reversing a finding that claimant with "severely impaired" vision in one eye was able to perform occupation requiring frequent near and far acuity, field of vision,

---

[2] "Field of vision," however, is defined as: "Observing an area that can be seen up and down or to right or left while *eyes are fixed* on a given point." DOT app. C (1993 ed.) (emphasis added).

and depth perception, where ALJ failed to develop the record as to claimant's possible problems with depth perception).

CONCLUSION

The decision of the Commissioner is reversed, and the case is remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of March, 2020.

_____
CHARLES B. GOODWIN
United States District Judge